UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENNY NAGHI d/b/a NAGHI'S | CIVIL ACTION |
| VERSUS | NO. 07-4498 |
| FIDELITY NATIONAL PROPERTY INSURANCE COMPANY d/b/a FIDELITY NATIONAL FLOOD, INC. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. No. 20). As explained herein, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

Here, it is undisputed that Plaintiff submitted a claim to Defendant for benefits under a Standard Flood Insurance Policy (SFIP) relative to alleged flood damages from Hurricane Katrina. Following inspection of the property by Defendant's adjustor, Plaintiff's claims were denied on November 28, 2005. Thereafter, on August 29, 2007, Plaintiff filed this suit against Defendant. On May 23, 2008, Plaintiff submitted a damages/repair estimate prepared by a public adjuster, Max Johnson.

Despite the foregoing interaction between Plaintiff and Defendant, it likewise is undisputed that Plaintiff did not submit a sworn proof of loss to Defendant, as required by 44 C.F.R. §61, app. (A)(2), art. VII (J)(4), before filing this suit. *See also* 44 C.F.R. §61 app. (A)(1) art. VII

(R) (requiring *prior* compliance with all policy requirements before filing suit in court). This requirement is a "strict" one; substantial compliance is not sufficient. *Marseilles Homeowners Condo. Ass'n., Inc. v. Fidelity Nat'l Ins. Co.*, No. 07-31005, --- F.3d. ---, 2008 WL 4150108, *2-3 (5th Cir. 2008) (quoting *Richardson v. American Bankers Ins. Co.,* No. 07-30271, 279 Fed. Appx. 295, 299 2008 WL 510518 (5th Cir. 2008) (unpublished)). Rather, the sworn proof of loss requirement "must be 'strictly construed and enforced.'" *Richardson,* 279 Fed. Appx. at 298 (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)).

Nor do principles of constructive waiver or equitable estoppel, under these circumstances, excuse this obligation. *Marseilles*, 2008 WL 4150108, at *3 (citing *Richardson,* 279 Fed. Appx. at 299). To the contrary, the proof of loss requirement is waived only with "the *express* written consent of the Federal Insurance Administrator." *Marseilles*, 2008 WL 4150108, at *2 (citing 44 C.F.R. §61, app. A(2), art. VII (D)).

In this instance, no such express written consent exists. Significantly, FEMA's August 31, 2005 memorandum, which extended the normal 60-day deadline for submission of a sworn proof of loss to a one-year deadline, only partially waived strict compliance with the sworn proof of loss requirement. *Marseilles*, 2008 WL 4150108, at *3-4; *Richardson,* 279 Fed. Appx. at 298-99. Specifically, a waiver occurred *only* when the insured agreed with the insurer's adjuster's determination of policy benefits. *Marseilles*, 2008 WL 4150108, at *3-4; *Richardson,* 279 Fed. Appx. at 298-99. If the insured disagreed with that determination, a sworn proof of loss had to be submitted. *Marseilles*, 2008 WL 4150108, at *3-4; *Richardson,* 279 Fed. Appx. at 298-99. The only difference with a disputed claim was that, pursuant to the August 31, 2005 FEMA memorandum, the insured was allowed more time than the usual 60 days from the date of loss to

satisfy this condition precedent to filing a lawsuit. *Marseilles*, 2008 WL 4150108, at *3-4; *Richardson,* 279 Fed. Appx. at 298-99.  Because Plaintiff never satisfied this requirement prior to filing this action, however, the claims asserted herein must be dismissed with prejudice.

    New Orleans, Louisiana, this 25th  day of September 2008.

                                                      _____
                                                      KURT D. ENGELHARDT
                                                      UNITED STATES DISTRICT JUDGE